**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4897-17T1

BORIS VARGAS and
MELBA VARGAS, his wife,

     Plaintiffs-Appellants,

v.

ALIBERIO AUGUSTO and
ALICE DASILVA,

     Defendants-Respondents,

and

TOWN OF KEARNY, COUNTY OF
HUDSON, STATE OF NEW JERSEY,

     Defendants.

_____

Argued April 3, 2019 - Decided August 6, 2019

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey
Law Division, Hudson County, Docket No. L-5307-
15.

William C. Saracino argued the cause for appellants (Saracino & Saracino, LLC, attorneys; William C. Saracino, on the briefs).

Amanda J. Sawyer argued the cause for respondents (Methfessel & Werbel, attorneys; Amanda J. Sawyer, of counsel and on the brief).

PER CURIAM

Plaintiffs Boris and Melba Vargas appeal from a final order dismissing their personal injury action against defendants Aliberio Augusto and Alice DaSilva on defendants' motion for summary judgment. Because we conclude plaintiffs established a prima facie case of negligence on the motion sufficient to survive summary judgment, we reverse.

Plaintiff Boris Vargas alleges he slipped on black ice in the street immediately adjacent to a drain pipe emptying snow and ice melt from defendants' roof, causing him to fall and suffer a trimalleolar fracture of his ankle. The accident occurred after dark on January 10, 2014, as plaintiff was walking to his home in front of defendants' house in an area with no sidewalk. Plaintiff submitted the report of an expert who reviewed weather data for the day of the accident, as well as the days immediately preceding it, and examined the gutter and leader system running from defendants' roof under their driveway and discharging into the street. The expert took measurements

2

and calculated the slope of the driveway and the street in the area where the leader pipe discharged, and concluded that conditions were such that water coming from the pipe would freeze on the asphalt in the area where plaintiff fell, making it a substantial contributing factor to the accident.

The trial court judge rejected defendants' argument that the expert report constituted a net opinion but granted summary judgment, finding plaintiff failed to establish any duty on defendants' part to keep the street in front of their home free of ice. Plaintiff's motion for reconsideration was likewise denied.

Plaintiff appeals, arguing he established a prima facie case of negligence on the motion. Defendants contend the trial court judge was correct to conclude they owed no duty to plaintiff. Defendants further contend that even if they owed plaintiff a duty, the drizzle at the time of plaintiff's fall and "other sources of drainage" established "concurrent causes of harm were present," and that plaintiff failed to establish that defendants' "negligence was a substantial factor that singly or in combination with other causes" brought about plaintiff's injury. They also contend plaintiff's expert report should have been deemed an inadmissible net opinion as the expert failed to establish the standard of care,

A-4897-17T1

and plaintiff did not allege facts giving rise to breach of any duty that did exist.

We review summary judgment using the same standard that governs the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Thus, we must determine "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

Turning first to the issue of duty, we conclude the parties looked to the wrong source in briefing this issue for the trial court. They presented run-of-the-mill sidewalk cases, which the court rightly rejected as inapplicable. See Luchejko v. City of Hoboken, 207 N.J. 191, 204 (2011) (noting the Court has not deviated "from the basic principle that residential property owners are not liable for sidewalk injuries"). This case, however, is controlled by Gellenthin v. J. & D., Inc., 38 N.J. 341, 353 (1962), in which our Supreme Court held

> that if a landowner constructs or maintains drain pipes, leaders or similar artificial conduits of surface water in such a manner that the water thus collected is so discharged that it reaches the public sidewalk and there freezes, making the sidewalk dangerous to

A-4897-17T1

travelers, then he is chargeable with negligently creating an unreasonable risk of injury.

The Gellenthin rule is "applicable to any part of the public highway or street." Knapp v. Phillips Petroleum Co., 123 N.J. Super. 26, 33 (App. Div. 1973).

As there is no question but that defendants owed plaintiff a duty under Gellenthin, and defendants did not dispute that plaintiff was injured in the fall, the only issues on the motion were breach and proximate cause. See Fernandes v. DAR Dev. Corp., 222 N.J. 390, 403-04 (2015) (setting out the four elements of a negligence claim). Like the trial judge, we reject defendants' claim that plaintiff's expert report constituted an inadmissible net opinion on causation. Although the expert was incorrect that a municipal ordinance requiring the removal of snow and ice created a tort duty, see Luchejko, 207 N.J. at 200-01 (noting the rule has been to the contrary in this state for over one hundred years), that error is of no moment as Gellenthin supplies the duty, see 38 N.J. at 353.

What the expert did through his investigation of weather conditions, examination of the property and measurements of the slope of defendants' driveway and the street was establish that water traveling through the leader system could have created the black ice on the asphalt street which plaintiff alleged caused him to slip and fall. See Townsend v. Pierre, 221 N.J. 36, 53-

55 (2015). Although we agree with defendants that plaintiff's deposition testimony, delivered through an interpreter, regarding the presence of ice on the road was equivocal, he was, on the motion, entitled to have all legitimate inferences from the facts drawn in his favor. Globe Motor, 225 N.J. at 480.

Plaintiff testified it was cold and drizzly as he walked in the street down the hill to his house on the night of the accident. Although the temperature was above freezing at thirty-five degrees, plaintiff's expert claimed temperatures were well below freezing in the days leading up to the accident with some snow and rain, causing snow melt and refreezing. The expert also concluded conditions were such that ice could form on the asphalt notwithstanding the temperature was above freezing. Plaintiff was wearing boots, and testified he had no difficulty walking from his car down the hill until he was right in front of defendants' drainage pipe, where he slipped. Although he did not see ice or feel it when he fell, he testified it was very slippery in that particular area, and noted the ambulance crew also had trouble staying upright when they arrived to assist. He testified that after he crawled to the curb and collected himself, he realized he had slipped on black ice.

Contrary to defendants' assertion, plaintiff had no obligation on the motion to exclude all other possible sources of the slippery condition of the

A-4897-17T1

street where he fell.  <u>Reyes v. Egner</u>, 404 N.J. Super. 433, 467 (App. Div. 2009) (noting issues of proximate cause are ordinarily jury questions).  It will be for the jury to decide if water from defendants' roof freezing on the street caused plaintiff to slip and fall or whether it was the drizzly conditions or oil and grease on the asphalt, or none of these things.  We conclude only that the evidence as to the cause of the accident was not so one-sided as to compel a decision in defendants' favor.  <u>See</u> <u>Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.</u>, 189 N.J. 436, 445-46 (2007).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4897-17T1